JULIE CAVANAUGH-BILL (NV Bar No. 11533)
Cavanaugh-Bill Law Offices, LLC
Henderson Bank Building
401 Railroad Street, Suite 307
Elko, Nevada 89801
Tel: (775)753-4357
Email: Julie@cblawoffices.org

CLARE LAKEWOOD (CA Bar No. 298479), *pro hac vice*
MICHAEL SAUL (CO Bar No. 30143), *pro hac vice*
VICTORIA BOGDAN TEJEDA (CA Bar No. 317132), *pro hac vice*
Center for Biological Diversity
1212 Broadway, # 800
Oakland, CA 94612
Tel: (510) 844-7121
Email: clakewood@biologicaldiversity.org

*Attorneys for Plaintiffs*
*Center for Biological Diversity and Sierra Club*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, and SIERRA CLUB<br>Plaintiffs,<br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT; RYAN ZINKE, in his capacity as Secretary of the Department of the Interior; and BRIAN STEED, in his capacity as Acting Director of the Bureau of Land Management,<br>Defendants. | Case No. 3:17-cv-00553-LRH-WGC<br><br>**PLAINTIFFS' RESPONSE TO REQUEST FOR RELIEF FROM THE COURT'S APRIL 30, 2018 ORDER AND REPLY TO DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE TIME FOR PLAINTIFFS TO CHALLENGE THE CONTENT AND SCOPE OF THE ADMINISTRATIVE RECORD** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO DEFENDANTS' REQUEST FOR RELIEF**
**I.   RESPONSE TO REQUEST FOR RELIEF**

Defendants seek relief from the court's order under rule 60 of the Rules of Civil Procedure. ECF No. 30, 2:2-3, quoting rule 60(a): "Relief from an order is typically granted to correct 'mistakes arising from oversight or omission whenever one is found in a…order[.]'" Defendants explain that they (i) seek an opportunity to respond to Plaintiffs' motion (ECF No. 30, 2:6-7); and (ii) assert that the Court should change the order it has made, to an order limiting Plaintiffs' right to challenge the administrative record lodged by Defendants. ECF No. 30, 2:15-18. No such relief is available to the Defendants under rule 60.[1]

"Under Rule 60(a) a court may correct a judgment "so as to reflect what was understood, intended and agreed upon by the parties and the court." Kocher v. Dow Chem. Co., 132 F.3d 1225, 1229 (8th Cir. 1997) (internal quotations omitted) (nothing in the record suggested that the district court did not intend to exercise jurisdiction over the claims subject to appeal, and to intentionally grant summary judgment). The provision "permits only a correction for the purpose of reflecting accurately a decision that the court actually made." Truskoski v. ESPN, 60 F.3d 74, 77 (2d Cir. 1995). Defendants seek that this Court make a different decision – that this Court grant the relief that Defendants propose, and restrict the scope of Plaintiffs' right to challenge the record. Defendants do not point to any evidence that the Court intended its order to be other than the order it made. Unless the Court did not intend to make the order in the form made (that is, it did not intend to grant Plaintiffs' motion), no relief is available under rule 60(a).

Rule 60(b) only provides relief from a "final judgment, order or proceeding." R. Civ. Pro. § 60(b). As the motion granted by this court was non-dipositive, rule 60(b) does not provide any basis for the relief Defendants seek.

---

[1] Though Defendants do not rely upon it, the Court does have inherent power to "afford such relief from interlocutory judgments… as justice requires." Greene v. Union Mut. Life Ins. Co., 764 F.2d 19, 22 (1st Cir. 1985); quoting Dow Chem., USA v. Consumer Prod. Safety Com., 464 F. Supp. 904, 906 (W.D. La. 1979). *See also* Notes of Advisory Committee on 1946 Amendments, Fed. R. Civ. P. 60(b) ("Interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief as justice requires.") However, for the reasons set out in Plaintiffs' Reply to Partial Opposition below, the order of April 30, 2018, is just and should stand undisturbed.

1   To the extent that Defendants seek to imply that Plaintiffs were misleading by "including in
2   their motion, an 'order' in the form a signature block for endorsement by the Court although the
3   motion was not a stipulation or expressly unopposed" (ECF No. 30, 2:7-9), Plaintiffs did not include
4   any such signature block in the motion filed. ECF No. 26, 4. The signature block about which
5   Defendants complain appears only in the Court's order. ECF No. 27, 4.

6   **II.     PLAINTIFFS' REPLY TO DEFENDANTS' PARTIAL OPPOSITION TO**
7   **PLAINTIFFS' MOTION**

8   The Court having already granted Plaintiffs' motion, the Court has no jurisdiction to entertain
9   Defendants' Partial Opposition to the Motion. To the extent that the Court nonetheless decides to do
10  so, Plaintiff provides the following Reply to Defendants' Partial Opposition.

11  Defendants' Request for Relief and Partial Opposition does not object to the date set out in
12  the Court's order as the deadline for Plaintiffs to challenge the content and scope of the record (May
13  24, 2018). Accordingly, Defendants can be deemed to have consented to the date set for the
14  deadline. Local Rule 7-2(d); <u>Taylor v. McDaniel</u>, No. 3:08-cv-00401-ECR-VPC, 2011 U.S. Dist.
15  LEXIS 18280, at *2 (D. Nev. Feb. 8, 2011) (failure to file points and authorities in response to a
16  motion in full or in part constitutes a consent to the granting of the motion to the extent to which no
17  response is made). The Court therefore need only consider Defendants' request or opposition that the
18  Court amend its order of April 30, 2018, to prevent Plaintiffs from challenging the administrative
19  record except to the extent that the supplement Defendants have agreed to file contains particular
20  documents Plaintiffs have identified as missing from the administrative record lodged by Defendants
21  on April 14, 2018 (ECF No. 25).

22  Absent the parties' agreement in the Revised Case Management Statement (ECF No. 23) to
23  limit the time for Plaintiffs to challenge the content and scope of the administrative record, Plaintiffs
24  would have the right to move to complete the record at any point during the litigation. Defendants
25  concede that the record lodged with the court on April 14, 2018, is incomplete, and that it intends to
26  lodge a supplement. Plaintiffs should not have their right to ensure that the record is complete so
27  severely restricted, when Plaintiffs have not yet had the opportunity to review the record and the
28

1  supplement together. Defendants have not even committed that the supplement will complete the
2  record, only that it will contain the documents that Plaintiffs have been able to identify as missing.
3        Further, Defendants' request that the Court restrict Plaintiffs' ability to ensure that the
4  record is complete risks precluding the court from fulfilling its duty in reviewing the decisions at
5  issue in this case. The Administrative Procedure Act requires that "the court … review the whole
6  record or those parts of it cited by a party." 5 U.S.C. § 706. "[T]he whole record is not necessarily
7  those documents that the agency has compiled and submitted as 'the' administrative record, [but,
8  rather,] the court must look to all the evidence that was before the decisionmaking body." Public
9  Power Council v. Johnson, 674 F.2d 791, 794 (9th Cir. 1982).
10       Defendants' only explanation for so seeking to restrict Plaintiffs' right to ensure the record is
11 complete is that it "would promote judicial economy, and conserve the time and resources of the
12 Court and the parties." ECF No. 30, 4:4-5. As Plaintiffs explained in their motion, the order
13 Plaintiffs sought does not delay resolution of the matter, as the briefing schedules set out in the
14 Revised Case Management Statement otherwise remain unaltered. If Defendants comply with their
15 obligation to lodge a complete administrative record, no further time or resources need be expended.
16 To the extent that review of the administrative record (as lodged and with the supplement) reveals
17 that it is still incomplete, economy and resource conservation should not come at the expense of
18 ensuring that this Court has before it all materials that were before the decisionmaker when it made
19 its decisions, and that Plaintiffs can fully argue their case by reference to those materials. An order in
20 the form Defendants assert should be made effectively rewards the Defendants for failing to provide
21 a complete administrative record to the Court.

### III.  CONCLUSION

23     Unless the Court's order granting Plaintiffs' motion does not accurately reflect the Court's
24 intention (that is, the Court did not intend to grant the motion Plaintiffs sought), the Court has no
25 power to amend or correct that order under Rules of Civil Procedure section 60, though it retains
26 inherent jurisdiction to afford relief from interlocutory judgments as justice requires. It should not
27 exercise that jurisdiction, however. Defendants seek to restrict the scope of Plaintiffs' ability to
28 challenge the administrative record before Defendants have even provided the full record to the

1  court, to the detriment of Plaintiffs and the Court. The Court should leave undisturbed its order of
2  April 30, 2018, granting Plaintiffs' motion.
3
4  DATED: May 2, 2018
5
6
7                                              Respectfully submitted,
8
9
10                                             /s/ Julie Cavanaugh-Bill
11                                             _____
12                                             JULIE CAVANAUGH-BILL (NV Bar No. 11533)
                                               Cavanaugh-Bill Law Offices, LLC
13                                             Henderson Bank Building
                                               401 Railroad Street, Suite 307
14                                             Elko, Nevada 89801
15                                             Tel: (775)753-4357
                                               Email: Julie@cblawoffices.org
16
17
18                                             /s/ Clare Lakewood
                                               _____
19                                             CLARE LAKEWOOD (CA Bar No. 298479),
                                               *pro hac vice*
20                                             MICHAEL SAUL (CO Bar No. 30143),
                                               *pro hac vice*
21                                             VICTORIA BOGDAN TEJEDA (CA Bar No.
22                                             317132),
                                               *pro hac vice*
23                                             Center for Biological Diversity
                                               1212 Broadway, Suite 800
24                                             Oakland, CA 94612
25                                             Phone: (510) 844-7121
                                               Facsimile: (510) 844-7150
26                                             Email: clakewood@biologicaldiversity.org
27                                             *Attorneys for Plaintiffs*
28

# CERTIFICATE OF SERVICE

I certify that on May 2, 2018, I filed the foregoing Response to Defendants' Request for Relief and Reply to Defendants' Limited Opposition on behalf of Plaintiffs Center for Biological Diversity and Sierra Club via the CM/ECF system which will provide electronic service to all counsel of record.

DATED: May 2, 2018

/s/ Clare Lakewood

CLARE LAKEWOOD